UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 06-08-KKC

DAVID WESTRICK, PLAINTIFF

v. **OPINION AND ORDER**

DOW CORNING CORPORATION, et al., DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the court on the Motion to Dismiss (Rec. No. 44) and Motion for Sanctions (Rec. No. 40) filed by the Defendant Dow Corning Corporation ("Dow Corning") and the Motion for Summary Judgment (Rec. No. 39) jointly filed by Dow Corning and co-Defendant Connecticut General Life Insurance Co. ("CG").

For the following reasons, the court will GRANT the Motion to Dismiss and the Defendants' joint Motion for Summary Judgment. The court will, however, deny the Motion for Sanctions.

**I.    FACTS.**

**A.    Dow Corning Terminates Westrick.**

Westrick was employed by the Defendant Dow Corning. CG administers the medical benefits provided by Dow Corning to its employees. (Rec. No. 1, Complaint, ¶ 9). In February 2005, Westrick was injured in a car wreck. (Rec. No. 1, Complaint, ¶ 13). Westrick took time off with pay for medical problems from August 4, 2005 to October 2, 2005. (Rec. No. 1, Complaint, ¶ 16). Westrick asserts that Dow Corning did not designate this time off as leave to which he was entitled under the Family and Medical Leave Act, 29 U.S.C. § 2602, *et seq.* ("FMLA"), but that it later sent him forms asking him to request FMLA leave. Westrick refused to complete these forms. (Rec. No. 1, Complaint, ¶ 17).

Westrick was released to work on October 3, 2005 but on October 31, 2005, his doctor would not allow him to return to work. (Rec. No. 1, Complaint, ¶ 19).

Dow Corning fired Westrick on November 22, 2005. (Rec. No. 1, Complaint, ¶ 12). CG terminated his health insurance effective November 21, 2005. (Rec. No. 1, Complaint, ¶ 22).

### B. Westrick's First Action.

Westrick then filed an action in Kentucky state court asserting that Dow Corning violated the FMLA at 29 U.S.C. § 2612(c) and (d)[1] and its implementing regulation at 29 C.F.R. § 825.208(a)[2]. Westrick also asserted a promissory estoppel claim against Dow Corning apparently on the basis that

---

[1] 29 U.S.C. § 2612(c) and (d) provide:
(c) Unpaid leave permitted
Except as provided in subsection (d) of this section, leave granted under subsection (a) may consist of unpaid leave. Where an employee is otherwise exempt under regulations issued by the Secretary pursuant to section 213(a)(1) of this title, the compliance of an employer with this subchapter by providing unpaid leave shall not affect the exempt status of the employee under such section.
(d) Relationship to paid leave
(1) Unpaid leave
If an employer provides paid leave for fewer than 12 workweeks, the additional weeks of leave necessary to attain the 12 workweeks of leave required under this subchapter may be provided without compensation.
(2) Substitution of paid leave
(A) In general
An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided under subparagraph (A), (B), or (C) of subsection (a)(1) of this section for any part of the 12-week period of such leave under such subsection.
(B) Serious health condition
An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick leave of the employee for leave provided under subparagraph (C) or (D) of subsection (a)(1) of this section for any part of the 12-week period of such leave under such subsection, except that nothing in this subchapter shall require an employer to provide paid sick leave or paid medical leave in any situation in which such employer would not normally provide any such paid leave.

[2] 29 C.F.R. § 825.208(a) provides:
(a) In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section. In the case of intermittent leave or leave on a reduced schedule, only one such notice is required unless the circumstances regarding the leave have changed. The employer's designation decision must be based only on information received from the employee or the employee's spokesperson (e.g., if the employee is incapacitated, the employee's spouse, adult child, parent, doctor, etc., may provide notice to the employer of the need to take FMLA leave). In any circumstance where the employer does not have sufficient information about the reason for an employee's use of paid leave, the employer should inquire further of the employee or the spokesperson to ascertain whether the paid leave is potentially FMLA-qualifying.

he relied on Dow Corning's FMLA policy which requires it to designate leave as FMLA leave in advance and prevents retroactive application of the leave. Finally, Westrick asserted that CG violated KRS § 304.17A-245(1)[3] which requires an insurer to give the policyholder at least 30 days advance written notice of cancellation.

This first action by Westrick was removed by the Defendants to this court and is captioned *David Westrick v. Dow Corning Corporation, et al.,* Case No. 3:06-CV-8-KKC. It will be called *Westrick I* in this opinion. Dow Corning and CG now jointly move for summary judgment on the claims made against them in *Westrick I*.

### C. Westrick's Second Action.

The deadline for amending the pleadings in *Westrick I* was February 9, 2007 (*Westrick I*, Rec. No. 20). On October 17, 2007, Westrick filed a second action in Kentucky state court which was also removed to this court. This action was captioned *Westrick v. Dow Corning Corporation,* Case No. 3:07-CV-73-KKC. It will be called *Westrick II* in this Opinion. By order dated November 27, 2007, the court consolidated *Westrick I* and *Westrick II*.

In *Westrick II*, the sole Defendant is Dow Corning and Westrick asserts that his former employer violated the Kentucky Equal Opportunities Act, KRS § 207.150 ("KEOA"), when it fired him. That Kentucky statute generally prohibits an employer from firing an individual because of his physical disability unless the disability restricts that individual's ability to engage in the particular

---

[3] KRS § 304.17A-245(1) provides:
Except as provided in subsection (2) of this section, an insurer delivering or issuing a health benefit plan subject to this subtitle shall give the policyholder or contract holder at least thirty (30) days' advance written notice of cancellation. The notice shall be mailed by regular United States first class mail to the policyholder's or contract holder's last address as shown by the records of the insurer. If premium has been paid, the insurer shall pay all claims through the conclusion of the thirty (30) day notice period, except for as provided in KRS 304.14-110.

3

job or occupation for which he or she is eligible.[4]

Dow Corning now moves to dismiss the claim made against it in *Westrick II*. Dow Corning also moves the court to sanction Westrick for filing *Westrick II*, arguing that it is a flagrant violation of this court's Scheduling Order in *Westrick I*.

**II.   ANALYSIS.**

**A.   Dow Corning's Motion to Dismiss the KEOA Claim Made in *Westrick II*.**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). However, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal

---

[4] KRS § 207.150 provides:

(1) No employer shall fail or refuse to hire, discharge, or discriminate against any individual with a disability with respect to wages, rates of pay, hours, or other terms and conditions of employment because of the person's physical disability unless the disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible, or unless otherwise provided by law or, on the basis of the results of a human immunodeficiency virus-related test, unless the absence of human immunodeficiency virus infection is a bona fide occupational qualification of the job in question; nor shall any employer limit, segregate, or classify individuals with disabilities in any way which would deprive or tend to deprive any individual with a disability of employment opportunities or otherwise affect employee status because of physical disability, or on the basis of the results of a human immunodeficiency virus-related test, unless the disability or absence of human immunodeficiency virus infection, constitutes a bona fide and necessary reason for the limitation, segregation or classification. This subsection shall not be construed to require any employer to modify his physical facilities or grounds in any way, or exercise a higher degree of caution for an individual with a disability than for any person who is not an individual with a disability.

notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id*. (citations and quotation marks omitted).

In its Motion to Dismiss, Dow Corning first argues that Westrick cannot state a claim under the KEOA because he has not alleged any physical disability. In his complaint, however, Westrick alleges that the February 2005 car wreck caused serious physical and mental injuries. (*Westrick II*, Rec. No. 1, Complaint, ¶ 8). Thus, Westrick has alleged a physical injury. It can be reasonably inferred from this allegation and his assertion of a KEOA claim, that he alleges a physical disability.

Dow Corning also argues that Westrick has not alleged that he was fired because of his physical disabilities. Westrick has alleged, however, that he has physical injuries and that Dow Corning fired him for reasons that were "stale" and "fictitious." He has further alleged that Dow Corning violated the KEOA when it fired him. These allegations put Dow Corning on notice that Westrick alleges he was fired because of a physical disability and, thus, satisfy the notice pleading requirements of Fed. R. Civ. P. 8.

Dow Corning further alleges that Westrick admitted in his deposition that he has no physical disability. However, this evidence is not appropriately considered on a motion to dismiss. Finally, Dow Corning points out that Westrick alleged in his complaint that, because of his medical problems, he was "prevented from performing the essential functions of his position. . . ." (*Westrick II*, Rec. No. 1, Complaint, ¶ 10). Dow Corning argues that Westrick cannot state a claim under the KEOA because that statute specifically provides that an employer can fire an employee because of a physical disability if the disability restricts that individual's ability to engage in the particular job

or occupation for which he or she is eligible.

In light of Westrick's admission in his complaint that he was unable to perform the essential functions of his position, his KEOA claim cannot stand. In his response to the Motion to Dismiss, Westrick does not dispute that he was unable to perform the essential functions of his position at the time that he was terminated. Accordingly, Westrick's KEOA claim must be dismissed.

B.     **Dow Corning's Motion for Sanctions.**

As to Dow Corning's Motion for Sanctions, it argues that the court should sanction Westrick for filing *Westrick II* in state court after the deadline for amending pleadings in *Westrick I* had passed. Dow Corning argues this was a deliberate attempt to circumvent the court's Scheduling Order in *Westrick I*. Dow Corning cites no cases stating that Westrick was prohibited from filing his second state court action. Dow Corning has not moved to dismiss the *Westrick II* complaint on this basis.

It is true that a plaintiff cannot "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Dockery House Publishing Inc. v. Quebecor Printing Corp.*, 2000 WL 973572 at *1 (N.D. Tex. July 13, 2000)(quoting *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985). However, in the cases in which courts have found this principle to be violated, the plaintiff filed a second complaint asserting the same causes of action as their first complaint and in the same court. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (1977); *Oliney v. Gardner*, 771 F.2d 856, 857 (5th Cir. 1985). In *Westrick II*, Westrick asserts a different claim from that asserted in the first action and *Westrick II* was not filed in this court. The court has been unable to locate any cases prohibiting Westrick from filing the state court action. Accordingly, the court will not sanction Westrick for doing so.

C.     **The Defendants' Joint Motion for Summary Judgment.**

The Defendants Dow Corning and CG jointly move for summary judgment on all the claims made by Westrick in *Westrick I*. Again, in that complaint, Westrick asserts that Dow Corning violated the FMLA and also assets a promissory estoppel claim against Dow Corning. He asserts that CG violated KRS § 304.17A-245(1) because it did not give him 30 days written notice before it terminated his insurance policy.

As an initial matter, Westrick's response to the Motion for Summary Judgment is untimely. The Motion for Summary Judgment was filed on November 15, 2007 (Rec. No. 39). Pursuant to the Local Rules of this court, the response was due within 15 days of service of the motion. LR 7.1. Westrick did not file a response until December 20, 2007. He has not explained his failure to file a timely response nor asked the court's permission to file an untimely response. Accordingly, the court need not consider the response at all. As will be explained below, however, even considering the response, Westrick has not established that there is any genuine issue of material fact in this matter. Considering the undisputed facts, the Defendants are entitled to judgment as a matter of law.

### 1) FMLA Claim.

As to the FMLA claim, the FMLA entitles eligible employees to 12 workweeks of leave during any 12-month period for several reasons, including "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

The FMLA provisions that Westrick claims Dow Corning violated provide that FMLA leave may be unpaid, 29 U.S.C. § 2612(c), and that, in general, an employee may elect or an employer may require that an employee use accrued vacation and sick leave for the FMLA leave. 29 U.S.C. § 2612(d)(1)-(2). Westrick also asserts that Dow Corning violated 29 C.F.R. § 825.208(a) which

7

provides that it is the employer's responsibility to designate leave as FMLA leave and to notify the employee that the leave will be counted as FMLA leave.

Westrick appears to argue that Dow Corning did not notify him that it was designating his paid leave of absence as FMLA leave. In its Motion for Summary Judgment, Dow Corning points out that, in his deposition, Westrick admitted he had no evidence that Dow Corning did, in fact, count his paid leave of absence as FMLA leave. (Rec. No. 39, Mem. at 10).

In his short response, Westrick does not put forth any evidence that Dow Corning counted his paid leave of absence as FMLA leave. Nor does he even continue to make this argument. Instead, he now argues that, when he refused the request to have his leave designated as FMLA leave, Dow Corning created "a hostile work environment...designed to remove him from his employment." Westrick has not asserted any such claim in his complaint.

Accordingly, Dow Corning is entitled to judgment as a matter of law on Westrick's FMLA claim.

    **2)    Promissory Estoppel.**

As to his promissory estoppel claim against Dow Corning, Westrick asserts that he relied on Dow Corning's written FMLA policy which requires designation of FMLA leave in advance and prohibits retroactive application of FMLA leave. Again, given Westrick's admission that he has no evidence that Dow Corning did, in fact, count his paid leave of absence as FMLA leave, this claim must fail. In his response to the Motion for Summary Judgment, Westrick does not even address this claim and, thus, appears to have abandoned it.

Accordingly, Dow Corning is entitled to judgment as a matter of law on Westrick's promissory estoppel claim.

### 3) Claim against CG.

As to Westrick's assertion that CG failed to give him 30 days advance notice prior to cancelling his insurance policy in violation of KRS § 304.17A-245(1), in the Motion for Summary Judgment, CG points out that Westrick admitted in his deposition testimony that he received notice that his benefits terminated November 21, 2005 and that he had until January 29, 2006 to elect continuation of his health insurance coverage pursuant to COBRA. Westrick admitted he received this notice but never elected to continue coverage. Accordingly, even if Westrick could establish that CG was obligated to give him 30 days advance notice that his insurance policy was cancelled and that it failed to do so, he cannot establish that he has been damaged by that failure. Further, in his response to the Motion for Summary Judgment, Westrick does not address this claim and, thus, appears to have abandoned it.

Accordingly, CG is entitled to judgment as a matter of law on Westrick's claim that it violated KRS § 304.17A-245(1).

### III. CONCLUSION.

For all these reasons, the court hereby ORDERS as follows:

1)  Dow Corning's Motion to Dismiss (Rec. No. 45) is GRANTED;

2)  Dow Corning's Motion for Sanctions (Rec. No. 40) is DENIED;

3)  the Defendants' Joint Motion for Summary Judgment (Rec. No. 39) is GRANTED; and

4)  this matter is STRICKEN from the active docket of this court.

Dated this 29th day of January, 2008.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**